Martin, J.
delivered the opinion of the court.
The plaintiff prays that the judgment of this court, pronounced in this case, at last July term, may be amended. An amendment can only take place on account of some error of the court in rendering the judgment. If the principles of the case have been misunderstood, if the court has mistaken the law, in other words, has erred in forming their judgment, a remedy must be sought in a rehearing, so that the whole case may be re-examined, and the judgment rather changed than amended.
In the present case, the court is not sensible of any thing in the judgment rendered that requires, or is even susceptible of amendment; nor that any other judgment might have correctly been given.
The petition called upon the court a quo, not to award damages against the defendant for failing to perform his part of a contract, but to enforce a specific performance. This decree was, according to the provisions of the contract, for the payment of 15,000 dollars, and the exe *311 cution and delivery of four notes of the Natchez J Steam Company of 12,500 each. The prayer of the petition was for the payment of that sum, and the execution and delivery of these notes, or in the alternative, the payment of 65,000 dollars.
The district court could not have decreed copulatively what was asked only in the alternative. It would have been monstrous to have given judgment for the notes and their amount. For, after the judgment might be satisfied by a levy of the 65,000 dollars, the defendant would have remained liable to pay his notes, in the hands of an indorsee, without the possibility of legal relief against them.
If it had given judgment for 65,000 and interest against the defendant, without its having been prayed for in the alternative, it would have done an injustice to both parties, in the interpretation of the contract: to the plaintiff in withholding from him the benefit of the greater security, which he had contemplated in notes, binding the defendant and all his copartners; to the defendant in making him liable alone, and aloof from his copartners, as to the deferred instalments, for which he had expressly and tenaciously stipulated that he should not give a note, which might be tendered as a set off against *312 any private demand of his, and on which he had right to command the aid of his copartners, . . according to the law of his domicil and the ° piaCe of contract, by resisting the plaintiff’s suit, till all his debtors within the state were made parties.
Whether a judgment for the sum of 65,000 dollars, with interest, the execution of which should be partially suspended to meet the terms of the contract, ought not to have been decreed, if the plaintiff had not prayed for a specific performance, but sought his relief in damages, is a question which made no part of our inquiry in the present case.
The judgment of the district court appeared, therefore, to us perfectly correct, except in the deduction of 20,000 dollars, and ours has rectified this error.
It is true, since the judgment of the district court, one of the instalments had become due at the time that the judgment of this court was pronounced, and two have become due since. If the amount of the instalment which had become due when we gave judgment, had been a sum of money which might have been opposed by the creditor of it, as a set-off against a claim of the debtor, if the latter had been alone absolutely bound therefor, perhaps that the imme- *313 díate pay meat of it would have been ordered. ■r. ' ,. . - ? , ’ 1 . ' . ■ :• 1- . Hut tlus is not the case; the suin is one for which he is solidarity bound sub modo only.
We, therefore, conclude, that the judgment cannot be so amended as to substitute the absolute payment of ⅜¾,500 dollars, in lieu of the note decreed to be executed.
As to the other two instalments, which were then not yet payable, there is not any semblance oi reason, in the proposition that the judgment ought to be amended. .
It is said that .the judgment ought to be amended, and six instead of five per cent, allowed for interest on the sum of 15,000 dollars, the first payment. We allowed the legal interest of this state, for the failure of the timely pay» merit of a sum stipulated to be paid therein. But it is said that, as to the deferred instalments to be paid at Natchez, six per cent, was agreed to be paid, and consequently the presumption is, that six percent, was intended by the parties, as the just indemnification, in case of a failure of payment of the first sum. Had this first sum been made payable in New-York, where seven per cent, is the legal rate of interest, it would have been contended, and it is believed with *314 success, that as the contract was silent, as to the interest to be paid on the first sum, the law must regulate it, and that law must be that of the place of payment. In this respect the judgment needs'no amendment.
As to the interest on the instalments the contract and the law of Mississippi are sufficiently explicit.
We are requested to amend the judgment hy declaring that the notes decreed to be given are not those of the incorporated company. We have decreed what notes are to be given j we need not say waat are not to be given.
A mortgage of the boat was not prayed for jn the petition ; a general performance was not there demanded; its not being denied by the district court was not presented to us as a ground of complaint against the judgment; our attention was not drawn to this part of the case, which was entirely overlooked by the plaintiff’s counsel, and it did not appear our duty to consider it.
It is ordered that the plaintiff take nothing by his motion.